Jin v. Holder

BIA
Vomacka, IJ
A089 266 907

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

YAN BIN JIN,
> *Petitioner,*

v.                                    12-810
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Bin Jin, a native and citizen of China, seeks review of a February 7, 2012, order of the BIA, affirming a January 12, 2010, decision of Immigration Judge ("IJ") Alan Vomacka, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Bin Jin*, No. A089 266 907 (B.I.A. Feb. 7, 2012), *aff'g* No. A089 266 907 (Immig. Ct. N.Y. City Jan. 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Jin not credible, the agency reasonably relied on the omission of his alleged injuries at the hands of family planning officials from his asylum application and a supporting letter from his wife. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). While, as Jin notes, asylum applicants "are not required to list every incident of persecution" in their applications, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), the agency reasonably found that Jin's omission supported an adverse credibility finding because it concerned the single incident on which his past persecution claim was based and because Jin's statement and his wife's letter were otherwise reasonably detailed. *Cf. id.* at 90 (noting that

3

petitioner's asylum application stated claim in general terms, without describing specific incidents).

Although Jin attempted to explain the omission of his injuries from his wife's letter by stating that he did not tell his wife about his injuries before he left China because she had suffered more severe harm in the form of a forced abortion, the agency was not required to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for inconsistencies in the record unless those explanations would compel a reasonable fact-finder to do so). As the IJ explained, it was not plausible that Jin's wife saw him the evening of the day he was beaten by officials, yet had no knowledge that he suffered a bloody nose and had a tooth knocked out. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007). Furthermore, Jin's brief on appeal addresses only the omission of his injuries from his asylum application, and fails to challenge the agency's findings that the omission of his injuries from his wife's letter, as well as Jin's false representations to the United States consulate in procuring a nonimmigrant visa, supported an adverse credibility finding. *See Xiu Xia Lin*, 534 F.3d

4

at 167; *Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008) (finding that petitioner's failure to challenge multiple bases for the IJ's adverse credibility determination was significant, as the unchallenged findings could support the adverse credibility determination on their own).

In light of the agency's properly supported adverse credibility finding, it did not err in denying Jin's applications for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk